## Vivino v. Edwards

*Lawrence G. Metzger, Gross & Sklar, P.C.,* for plaintiff.

*Harry Brennan,* for defendant.

*Edgar Einhorn,* for additional defendant.

HIRSH, J., June 2, 1972.—In this motion to quash the appeal from award of arbitrators it is undisputed that defendant did not pay certain record costs. Plaintiff contends that this is a sufficient basis on which to quash the appeal in line with the series of cases where the Superior Court has ruled that failure to pay the record costs within 20 days after the docketing of the arbitrators' award is ground for quashing the appeal. Defendant contends that it is undisputed that he did pay the costs as reflected in plaintiff's bill of costs and since plaintiff did not include the record costs he now says were not paid, he, in effect, waived his right to these costs. Thus, says defendant, all costs were paid and the appeal should not be quashed.

In this respect, plaintiff's argument that the purpose of a bill of costs is to place on the docket those costs not previously recorded thereon is a logical one. Certainly, for the purpose of an appeal from an arbitration award, the act contemplates the payment of record costs and there is no dispute that certain of these costs were not paid. While we may be sympathetic to defendant's position here, we believe that the Superior Court has made it clear that where record costs are not paid the appeal will be quashed.

It is true that the precise situation here has not been before an appellate court. However, it is still a situation where record costs were not paid. Accordingly, we have no alternative but to grant plaintiff's motion and to quash the appeal.

Accordingly, we enter the following

## ORDER

And now, to wit, this June 2, 1972, plaintiff's motion to quash the appeal is granted.